Davis, P. J.
The substantial question presented by this appeal is whether the appellant, William Elmer, or the respondant, Edward T. Schenck, is created one of the trustees under and by the last will and testament and the codicil thereto, of Samuel Wood, deceased.
In considering this question it is neither useful nor necessary to consider the distinctive character and powers of the office of exec-tor and trustee, or whether or not both may be created and conferred upon the same person, or. each upon different persons, by the will of the testator.
These questions are too clearly settled to admit of contention.
In considering whether either or both of these offices have been conferred upon a person by the last will and testament of a testator, .the leading and universal rule,—that the court is to seek for and be ¿governed by, the intention of the testator—is to control.
And under the operation of this rule no person is. to be injected into (either office, against the manifest intent of the testator, by any technical or forced construction of the language he may have used. It is in the light of this rule that the court should proceed in determining the question in this case.
The will of Samuel Wood is a very lengthy one, and creates a considerable number of trusts, each of which is distinct in its character and purpose.
The first clause directs his executors, “hereinafter named,” to pay his debts, taxes, etc., and the specific bequests and legacies therein named, as soon after his decease as can conveniently be done.
The second clause contains twenty-three sub-divisions, in which the testator makes provision for his “collateral relatives” by requiring his executors to “ set apart and securely invest the several sums of money named, and to pay the several annuities therein provided for.”
*227 He then proceeds to name the beneficiaries, who are to receive the sums of money during their respective lives, and to direct the disposition to be made upon their respective deaths.
And in all cases where no other disposition is made of the several remainders they are invariably bequeathed to his executors, as part of his residuary estate, to be applied and disposed of under the trusts thereinafter declared.
In all these cases the bequest in trust is to his executors, by using the phrase “my executors,” without in any instances using in connection therewith the word “ trustees,” but in all instances where the bequest is to them, using in connection with the word “executors,” the phrase “under the trusts hereinafter created and declared.”
The third, fourth, fifth and sixth clauses of the will give specific legacies to various persons named, or direct his executors to do acts •clearly within the power of such.
The seventh, which is the residuary clause, “ gives, devises and bequeaths all the rest, residue and remainder of his estate, real, personal, and mixed of every name, kind and description, wheresoever the same may be, to his executors hereinafter named, and the survivor or survivors of them, and their and each of their successors forever in •trust.”
And it then proceeds to define and declare the trusts which he intends to create. He directs and orders his executors to apply to the legislature for an act incorporating “The Samuel Wood Benevolent Institute,” and to prosecute such application until a charter shall be obtained conformably to his will, and in case a charter shall not be •obtained within the life of the longest liver of his executors, he “gives, devises and bequeaths the said rest, residue and remainder of his estate to the mayor, aldermen and commonalty of the City of New York, to be strictly devoted to the charitable purposes in his will declared,” and until such said charter shall be obtained he directs his executors and trustees “forthwith to proceed to the location and erection of such institute, and to apply the income of the trust estate to the building, maintenance and support thereof.”
He then proceeds to declare the purposes of the institute and the objects thereof.
The eighth clause gives to his executors,.thereinafter named, and their successors, “full and absolute power and authority to receive and collect the rents, issues and profits of the estate; to convey and disposes of it at public or private sale for the purposes of the trust; and to execute the necessary instruments, etc., for conveying this real estate, and every part thereof, and to lease or purchase a site for the institute, and generally to manage the estate for the purpose of *228 said trust as to them or a majority of them shall seem judicious and! proper.”
By the ninth clause, in order to secure harmony, efficiency and unity in the management of the institute, he declares and appoints his “executors, hereinafter named, sole and permanent trustees of the said institute ” and requires that they be inserted in the act of incorporation as such trustees, etc., with power to fill vacancies in their number, and to the end that his executors and trustees may bo fairly compensated he directs that each of his said executors shall receive out of his estate, as compensation for their services as such executors and trustees, the sum of five thousand dollars annually, payable in quarterly payments.
The tenth clause relates to the prosecution of a pending litigation, to contest the validity of the will of his brother, Abraham Wood, and directed his executors to prosecute the same, and to pay the costs, expenses, etc., out of his estate; and the eleventh and last clause is in these words:
“ Eleventh. I hereby nominate and appoint my friends, Edward T. Schenck, counsellor at law, of the City of New York; Alfred L. Simonson and Martin Wood, son of Stephen Wood, hereinbefore named, executors of this my last will and testament, and sole trustees of the said 1 The Samuel Wood Benevolent Institute,’ and of the trusts-in the will contained.”
The intention of the testator to confer the office and power of executors and trustees upon the same persons, is written all over the face of the will. It would not be more manifest if there had been an
O
express declaration that the executors and trustees should be identical in person, for he carefully gives the entire residuary estate to “ my executors hereinafter named and the survivor or survivors of them, and their and each of their successors for ever in trust.”
Whether his language would have that effect in law or not, it seems-clear that the testator intended to combine the two offices in the same persons, and to continue that same combination to survivors and successors. If the eleventh clause therefore continued in force, there could be no possible question as to whom the testator nominated and appointed his executors and trustees, although perhaps a question of some-moment would arise if any of the persons named had relinquished the office of executor, whether he would in the face of the manifest intent of the testator have been entitled to take and hold that of trustee.
That question does not appear important, however, in the view we take of the effect of the provisions of the codicil. The codicil of the testator, executed on March 20, 1875, makes several important changes, *229 none of which, however, need be now considered, except that which affects the eleventh clause, by which the executors were nominated.
That part of the codicil is in these words :
“ And I further declare it to be my wish and intent that the eleventh paragraph of my said will be, and the same is, hereby revoked or modified, .so as to conform to my wish as hereinafter expressed, to wit :
“Abraham Hewlett, Alfred L. Simonson, Martin Wood and William Elmer are hereby appointed the executors of the said last will and testament in the place and stead of those mentioned in the eleventh paragraph aforesaid.”
Nothing it seems to us can be clearer than that by this provision the testator intended to change the eleventh paragraph of the will, by striking out the names therein inserted, and in their place inserting the names mentioned in the codicil, and for that purpose he uses the language “ the same is hereby revoked or modified so as to conform to my wish as hereinafter expressed.”
To carry out this intention of the testator we have only to strike out of the eleventh clause the persons therein named and insert the names in the codicil, and in no other way can we fully accomplish his intention. The clause will then read, “ I hereby nominate and appoint my friends Abraham Hewlitt, Alfred L. Simonson, William Elmer and Martin Wood, son of StephenWood, hereinbefore named, executors of this my last will and testament, and sole trustees of the said ‘The Samuel Wood Benevolent Institute’ and of the trusts in this will contained.” For where a provision of a codicil modifies a clause of the will, such ■clause, in order to ascertain the testators intention, is to be read as though it had originally been written in conformity to the change intended by the testator.
It will be seen that the. name of the respondent Schenck is by such change wholly stricken out of the eleventh clause, and the name of the appellant, William Elmer, is inserted in that clause, and as thus corrected by the testator the clause itself confers all the powers, both of the executors and trustees, upon the persons named therein.
Whatever may have been the motives of the testator in omitting the name of Mr. Schenck it is not essential to inquire. The will stands for the reason, and it is so fully manifest that the testator meant to eliminate his name wholly from the will, that it seems to us it would be a perversion of the power of judicial construction to hold that, while he intended to revoke or modify the eleventh clause to accomplish that end, he all the while intended that Mr. Schenck should remain in the important office of trustee of the various trusts contained in the will, after ejecting him as executor.
It was held by the court below, that the effect of the amendment was *230 to strike out Mr. Schenck, as executor, but to leave him as one of the trustees, and to limit the trusteeship to Schenck, Simonson and Wood; while the powers of executors should be in Hewlitt, Simonson, Wood and Elmer.
But we see no grounds upon which that construction can be justified without disregarding the intention of the testator so manifest, as we have already shown, in every portion of the will, to make the executors and trustees thereunder indentical in person. There is nothing to indicate-any désign on his part to abandon that purpose, to which he had adhered with such undeviating closeness in every portion of the will. He doubtless thought it greatly to the interest of his large estate that the powers and duties of both offices should be combined in the same persons, to-avoid all question of conflict in the exercise of the same.
There would, it seems to us, be greater force in the claim that the intention by the codicil was to make the persons named therein, to wit: Hewlitt, Simonson, Wood and Elmer, executors only, and to leave all power as trustee to devolve on the respondent Schenck alone, for the provision of the codicil expressly modifies the eleventh paragraph of the will by appointing them as such executors, without a word indicating that they also be trustees.
But such a construction would be a manifiest. perversion of the-intention of the testator.
He did not mean to reduce the persons named in the codicil to the-office of executors merely, but to substitute them and their names in the-eleventh paragraph of the will in the place and stead of those mentioned' therein.
As that paragraph stood it is ‘‘revoked” by the codicil, and as-“modified” by the insertion of two new names, with two of the old names, it is made part of the testator’s will.
We think it our duty to hold that by expunging the name of the-respondent, Schenck, and by inserting the name of the appellant, Elmer, the latter was made both executor and trustee, and the former ceased to home any relation to the will.
The judgment should be reversed and a new trial granted with costs-to abide event.